# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| VISION BANK, etc., | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 11-0038-WS-B |
| | ) | |
| SUNDANCE, LLC, etc., et al., | ) | |
| | ) | |
|     Defendants. | ) | |

## ORDER

This matter is before the Court on the defendants' motion for required joinder and motion to dismiss. (Docs. 14, 16). The plaintiff has filed responses and the defendants a reply, (Docs. 19-21), and the motions are ripe for resolution. After carefully considering the foregoing, the Court concludes that both motions are due to be denied.

## BACKGROUND

According to the complaint, the plaintiff loaned to defendant Sundance, LLC ("Sundance") the sum of $3 million in connection with the development of a Florida project known as Innerarity Townhomes. The note is secured by a recorded mortgage as to certain of the project property. The four individual defendants executed separate continuing limited guaranty agreements. The note is in default. The complaint asserts claims for breach of contract against all defendants and seeks appointment of a receiver of the mortgaged property.

The complaint was filed in federal court based on diversity of citizenship. The plaintiff is a Florida citizen, all defendants are citizens of Alabama, and the amount in controversy exceeds $75,000. In their motion for required joinder, the defendants argue that Innerarity Townhome Association, Inc. ("HOA") must be joined as a defendant

under Rule 19(b).  In their motion to dismiss, the defendants argue that, because HOA is a Florida citizen, its joinder destroys subject matter jurisdiction and compels dismissal.

**DISCUSSION**

Rule 19(a) identifies "persons required to be joined if feasible."  Rule 19(b) addresses how to proceed if such a person "cannot be joined," including "because of limitations on … subject matter jurisdiction."  Fed. R. Civ. P. 19 advisory committee note 1966 amendment; *accord Focus on the Family v. Pinellas Suncoast Transit Authority*, 344 F.3d 1263, 1280 (11th Cir. 2003).  The Court must first determine if HOA is a person required to be joined if feasible under Rule 19(a).  If it is not, the defendants' motion for required joinder must be denied; if it is, the remedy is not to require joinder (since joinder would destroy subject matter jurisdiction) but to determine under Rule 19(b) whether the litigation among the existing parties should proceed despite HOA's absence.  *E.g., id.*

There are three ways a non-party can be considered one required to be joined if feasible.  First, if "in that person's absence, the court cannot accord complete relief among existing parties."  Fed. R. Civ. P. 19(a)(1)(A).  Second, if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may … as a practical matter impair or impede the person's ability to protect the interest …."  *Id*. Rule 19(a)(1)(B)(i).  Third, if disposing of the action in the person's absence "may … as a practical matter … leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."  *Id*. Rule 19(a)(1)(B)(ii).  The defendants invoke only the second of these options, arguing that HOA has a lien for past due homeowner association fees which has priority over the plaintiff's mortgage, and that HOA will effectively lose this

priority and its advantages if the action is allowed to proceed in HOA's absence. (Doc. 14 at 4).[1]

According to the defendants, HOA's lien priority is established by the following Florida statute:

> When authorized by the governing documents, the association has a lien on each parcel to secure the payment of assessments and other amounts provided for by this section. Except as otherwise set forth in this section, the lien is effective from and shall relate back to the date on which the original declaration of the community was recorded. However, as to first mortgages of record, the lien is effective from and after recording of a claim of lien in the public records of the county in which the parcel is located.

Fla. Stat. § 720.3085(1).

The factual scenario, set out by the plaintiff and uncontested by the defendants, is as follows. The third amendment to the declarations, recorded in April 2006, expressly provided that "[t]he lien of the assessments provided for herein shall be subordinate to the lien of any first mortgage." (Doc. 19, Exhibit A at 1, 7). The fourth amendment to the declarations, which did not modify this provision, was recorded in June 2006. (*Id.*, Exhibit C). The plaintiff's loan, and the recordation of its mortgage (a first mortgage), occurred in September 2007. (*Id.*, Exhibit B at 1). In October 2008, the fifth amendment to the declarations was recorded. (*Id.*, Exhibit D at 1). This document reworded the lien priority provision to read that "[t]he lien of the assessments and fines provided herein shall be superior to the lien of any first or junior mortgage notwithstanding the imposition of such lien after the execution and recording of the mortgage. This covenant shall be

---

[1] The defendants also argue, without referencing Rule 19(a), that they will be prejudiced in HOA's absence because rent money they could use to satisfy Sundance's debt to HOA will instead go to the plaintiff, with the result that Sundance would still owe HOA and with the further result that HOA will not have funds to maintain insurance, making it difficult for Sundance to sell units and pay off the plaintiff. (Doc. 14 at 4). While this may be an uncomfortable position for the defendants, it does not reflect a risk of inconsistent obligations or an inability to accord full relief among the existing parties. The defendants make no argument to the contrary. Thus, the Court limits its Rule 19(a) focus to HOA's lien priority vel non.

limited to the extent such lien is limited by the Statutes of the State of Florida." (*Id*. at 2).

The defendants concede that the plaintiff's mortgage had priority over any assessment lien pursuant to Section 720.3085(1) when the mortgage was recorded. (Doc. 14 at 3). It is nevertheless their position that the fifth amendment to the declarations stripped the mortgage of its priority and handed that priority to the assessment lien. According to the defendants' one-sentence argument, by virtue of the fifth amendment to the declarations, the plaintiff "has waived its right to exercise priority." (*Id*.). The defendants offer no explanation how the plaintiff, through a document to which it was not a party and as to which it had no say or even notice, could possibly have "waived" its statutory, admitted pre-existing lien priority.[2] Much less have they explained how HOA can avoid the explicit statutory provision that, as to first mortgages such as the plaintiff's, the assessment lien is not retroactive to the recording of the original declarations (which would predate the mortgage) but runs only from the recording of a specific claim of lien.[3]

The plaintiff in its responsive brief pointed out these and other glaring deficiencies in the defendants' presentation. The defendants in their reply wholly ignore these objections, instead positing in conclusory fashion that the very fact the plaintiff raised the arguments demonstrates that joinder is required. (Doc. 21 at 4).

The problem for the defendants is that they bear "the initial burden of demonstrating that a missing party is necessary." *Hood ex rel. Mississippi v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009); *accord American General Life & Accident Insurance Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005); *Davis v. United States*, 192 F.3d 951, 958 (10th Cir. 1999). Simply stating that HOA claims an interest – or simply

---

[2] "Waiver is the voluntary and intentional relinquishment of a known right, or conduct which implies the voluntary and intentional relinquishment of a known right." *Major League Baseball v. Morsani*, 790 So. 2d 1071, 1077 n.12 (Fla. 2001); *accord Edwards v. Kia Motors, Inc.*, 8 So. 3d 277, 280 n.5 (Ala.2008).

[3] The defendants do not assert that any such claims have been recorded.

injecting the conclusory affidavit of HOA's president that its claim "primes and is superior to that of" the plaintiff[4] – does not carry that initial burden. At a minimum, the asserted claim must be at least "colorable." *Jonesfilm v. Liongate International*, 299 F.3d 134, 140 (2nd Cir. 2002). The defendants' superficial presentation does not reflect that HOA has a colorable claim to priority over the plaintiff's recorded mortgage. Accordingly, they have failed to carry their initial burden on Rule 19(a).

The defendants' protestation that Rule 19(a) is "irrelevant" as long as they can satisfy Rule 19(b), (Doc. 21 at 2), is legally incorrect; until Rule 19(a) is satisfied, it is Rule 19(b) that is irrelevant. The defendants' argument concerning the Rule 19(b) factors thus cannot salvage their motions.

## CONCLUSION

For the reasons set forth above, the defendants' motion for required joinder and motion to dismiss are **denied**.

DONE and ORDERED this 28th day of March, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] (Doc. 14, Touart Affidavit at 2).