IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

VISION BANK, etc.,  )
                    )
    Plaintiff,      )
                    )
v.                  ) CIVIL ACTION 11-0038-WS-B
                    )
SUNDANCE, LLC, etc., et al., )
                    )
    Defendants.     )

**ORDER**

This matter is before the Court on the guarantor defendants' motion to extend stay to non-debtors. (Doc. 76). The plaintiff has filed a response and the movants a reply, (Docs. 85, 95), and the motion is ripe for resolution.

Defendant Sundance, LLC ("Sundance") filed a suggestion of bankruptcy on June 6, 2011. (Doc. 64). The movants recognize that "in general the automatic stay found in § 362(a) does not extend to claims against non-debtor defendants (i.e., the individual guarantors)." (Doc. 76 at 2). However, they argue that the automatic stay should be extended to cover them on the grounds of "unusual circumstances." In the alternative, they argue the Court should extend the stay in the exercise its inherent authority.

The unusual circumstance on which the movants rely is Sundance's express indemnity obligation to them.[1] The operating agreement provides that Sundance "shall indemnify any present or former Member, Manager, or agent of [Sundance] against expenses actually and reasonably incurred in connection with the defense of an action,

---

[1] *See Kreisler v. Goldberg*, 478 F.3d 209, 213 (4th Cir. 2007) (acknowledging that unusual circumstances might warrant extending the automatic stay to a non-debtor defendant "who is entitled to absolute indemnity by the debtor on account of any judgment that might result against them in the case") (internal quotes omitted).

[1]

suit, or proceeding, civil or criminal, in which any of the Indemnified Parties is made a party by reason of being or having been a Member, Manager, or agent of" Sundance, except in case of gross negligence or similar conduct. (*Id*., Exhibit A at 27). The movants are all reported to be present or former members, managers or agents of Sundance. (Doc. 76 at 1-2). Had they been sued because they are or were members, managers or agents of Sundance, this indemnity provision might well be in play. But they were not. Instead, they were sued because they are guarantors of Sundance's debt, and the plaintiff seeks recovery on the guaranties. (Doc. 1 at 12-13). To avoid this clear conclusion, the movants argue that the plaintiff required them to execute guaranties precisely because they were members and managers of Sundance. (Doc. 76 at 3). There is no evidence to support this ipse dixit, but even if true it explains only why the movants are guarantors, not why the plaintiff sued them.[2]

The movants fare better with their alternative argument. Were this a routine suit on a note and guaranties – where all that must be shown is default on the note and non-payment on the guaranties – little would be gained by delaying the action on the guaranties due to the debtor's bankruptcy, and significant harm could accrue to the plaintiff, which procured the guaranties in order to assure repayment regardless of any default by the debtor.

But this suit is not routine. Prior to Sundance's bankruptcy, the defendants filed a motion for summary judgment in which they assert that the note and guaranties are unenforceable because the plaintiff did not qualify to do business in Alabama. (Doc. 44). They also raised, in addition to affirmative defenses, a welter of counterclaims against the plaintiff, asserting all manner of negligent, fraudulent and otherwise improper behavior

---

[2] As the movants recognize, (Doc. 76 at 4), this case is "easily distinguishable" from *GulfMark Offshore, Inc. v. Bender Shipbuilding & Repair Co*., 2009 WL 2413664 (S.D. Ala. 2009), in which the Court found unusual circumstances in a case involving a similar indemnity provision. There, the non-debtors were sued "solely for certain acts and omissions taken in their official capacities as directors and/or officers of" the debtor, *id*. at *2, not under guaranties.

by the plaintiff and seeking as to each rescission and/or cancellation of the note and guaranties. (Doc. 35 at 9-25). While the automatic stay does not of its own force preclude Sundance from pursuing these counterclaims, they presumably constitute property of the estate, such that bankruptcy court approval will be required in order for Sundance or a trustee to advance them. And, since the counterclaims seek rescission/cancellation of the guaranties, it is difficult to see how the plaintiff could receive a judgment on the guaranties without prior resolution of the counterclaims.

This, then, is not a "garden variety" suit, as the plaintiff maintains, (Doc. 85 at 6, 7), but one of unusual complexity, where any number of issues must be resolved favorably to the plaintiff before it can obtain relief on the guaranties. Further, these same issues must be resolved with respect to the note. Proceeding now, without Sundance's participation, thus virtually guarantees that a tremendous amount of time and effort by both the parties and the Court must be engaged in not just once, but twice.[3]

The parties agree that the Court should determine whether to invoke a stay based on "the nature and substantiality of the injustices claimed on either side," as well as considerations of litigation efficiency. (Doc. 76 at 4-5; Doc. 85 at 4, 6-7 (internal quotes omitted)). Economy certainly cries out for extending the stay to the movants, and the only prejudice the plaintiff identifies is delay in obtaining judgment. (*Id*. at 6). At least when the ultimate right to judgment is as murky as the defendants' motion for summary judgment and counterclaims have rendered the plaintiff's, "[t]hat delay, in and of itself, is not a sufficiently compelling form of prejudice to outweigh the countervailing considerations set forth herein." *GulfMark Offshore, Inc. v. Bender Shipbuilding & Repair Co*., 2009 WL 2413664 at *3 n.7 (S.D. Ala. 2009).

---

[3] The plaintiff's suggestion that suit against Sundance will be unnecessary *if* the plaintiff is ultimately successful against the guarantors (including on appeal) and *if* they have, and surrender, sufficient assets to satisfy the requested $3 million judgment, (Doc. 85 at 6-7), is hardly reassuring. Nor does it account for Sundance's likely desire to pursue its counterclaims, which seek compensatory and punitive damages as well as rescission.

Upon the filing of Sundance's suggestion of bankruptcy, the Court ordered the plaintiff to state "whether and when it intends to seek relief from the automatic stay." (Doc. 65 at 1).  The plaintiff responded that it does indeed intend to do so (although it did not comply with the Court's direction to provide temporal parameters to its effort). (Doc. 81).  The plaintiff thus has the means to minimize any delay to the resolution of its claims herein.  Should relief from the automatic stay be unexpectedly denied, or should other circumstances arise that undermine the advisability of a continued stay as to the guarantors (such as undue delay in obtaining bankruptcy court approval for Sundance or a trustee to pursue Sundance's counterclaims), the plaintiff is not precluded from seeking revisitation of the stay issued herein.

For the reasons set forth above, the motion to extend the stay to the non-debtor guarantors is **granted**.  This action is now **stayed** in all respects.  The plaintiff's reporting obligations, (Doc. 65 at 1-2), remain in full force and effect.

DONE and ORDERED this 1st day of August, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE