# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SE PROPERTY HOLDINGS, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION 11-0038-WS-B ) |
| SUNDANCE, LLC, etc., et al., | ) ) |
| Defendants. | ) |

## ORDER

On January 21, 2014, the plaintiff obtained a writ of garnishment to William and Holly Brett. (Doc. 147). On February 7, 2014, defendant George Braswell filed a "Request for Hearing" in order to "contest issuance of the garnishment." (Doc. 164). The plaintiff has filed a request, which the Court construes as a motion, that Braswell's request for a hearing be denied. (Doc. 166). Braswell has filed a response, (Doc. 174), and the plaintiff's motion is ripe for resolution.

The plaintiff complains that Braswell's filing is "premature" because the garnishee has not filed an answer. (Doc. 166 at 2). According to the plaintiff, under Section 6-6-459 of the Alabama Code a judgment debtor "may not object or attempt to contest a garnishment until **after** the garnishee has filed his answer." (*Id.* (emphasis in original)). But all Section 6-6-459 actually says is that, after the garnishee answers, the defendant may "contest [the] answer." Even without the statute, it would be impossible for a defendant to contest an answer that has yet to be filed, but Braswell has not filed a contest of the garnishee's (non-existent) answer. Instead, Braswell has filed a "request for hearing." The plaintiff has failed to demonstrate how Section 6-6-459 precludes such a request before the garnishee answers.

Even could Braswell's filing be deemed premature under Alabama law, the fault would lie with the plaintiff, not with Braswell. When the plaintiff filed its application for

writ of garnishment, it included in its filings a "Clerk's Notice of Garnishment," which it requested the Clerk to issue. (Doc. 144, Attachment 1). That document instructs Braswell that, "[i]f you want a hearing, you must notify the Court within 20 days after receipt of the notice." (*Id*. at 2). It further provides that "you may use this notice to request the hearing by checking the space below." (*Id*.). The Clerk complied with the plaintiff's request and issued the notice in the form submitted, and Braswell complied with the notice by checking the appropriate space and returning the notice to the Clerk within 20 days of receipt. (Doc. 164 & Exhibit A). Whether under the doctrine of invited error or otherwise, the plaintiff cannot successfully complain of a procedure which the plaintiff itself requested be followed.

In a related vein, the plaintiff complains that Braswell's filing is premature if construed as an assertion that some or all of the garnished property is exempt from garnishment, because Section 6-10-37 requires that property be garnished before exemptions are claimed and because "garnishment" does not occur until some future event that the plaintiff does not identify. (Doc. 166 at 3). The answer to this objection parallels that responsive to the previous one: the plaintiff has not shown that Alabama law[1] forbids a claim of exemption before garnishment occurs, Braswell has not filed a claim of exemptions but a "request for hearing," and any prematurity is the responsibility of the plaintiff, which invited Braswell's filing.

Finally, the plaintiff asserts that Braswell's filing "is an impermissible attempt to stay execution of the money judgment." (Doc. 166 at 3). The plaintiff does not explain how merely requesting a hearing operates to stay execution of a judgment, but again, the plaintiff invited Braswell to file a request for hearing and thus cannot be heard to complain that Braswell did so.

The purpose for which Braswell seeks a hearing remains obscure. The notice of garnishment, which the plaintiff had the Clerk issue, required Braswell to demand a hearing within 20 days of receipt but did not require him to say why he wants one. On

---

[1] The applicable law is not Section 6-10-37 but Rule 64B, which superseded the statute in 1985.

the contrary, the notice informed Braswell that, "[a]t the hearing you may explain to the judge why you think the plaintiff is not entitled to the funds garnished," and the form the plaintiff asked Braswell to sign and file states only, "I request a hearing …." (Doc. 164, Exhibit A at 2-3). Again, responsibility for the ambiguity of Braswell's filing lies with the plaintiff, not with Braswell.

For the reasons set forth above, the plaintiff's motion to deny Braswell's request for a hearing is **denied**.

The Court issues this final word of clarification. The notice prepared and obtained by the plaintiff states that the Court will conduct a hearing and will do so within five days after the judgment debtor timely requests a hearing or as soon thereafter as may be convenient to the Court. (Doc. 164, Exhibit A at 2). The plaintiff cannot, by the simple expedient of presenting a notice of garnishment to the Clerk and having it issued, bind the Court's hands as to how to resolve challenges to a garnishment. The Court rarely holds hearings and will not do so in this matter absent a clear showing of the need and authority for such a hearing.[2] Nor will the Court hold a hearing before the issue or issues to be addressed are clearly identified by the parties and they demonstrate that the matter cannot be resolved on paper. Thus, while Braswell's request for a hearing remains pending, he is a long way from showing his entitlement to one.

DONE and ORDERED this 25th day of February, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] It appears that the plaintiff has taken a form developed in this District for use when the United States is plaintiff and, with minor alterations, attempted to use it in a case in which the United States is not the plaintiff. The plaintiff's submission largely mirrors 28 U.S.C. § 3202(b), which addresses the language that a notice to a judgment debtor must contain when the judgment creditor is the United States. The borrowed terms include those requiring a request for a hearing be submitted within 20 days of receiving the notice and indicating a hearing will be held within five days of request or as soon as possible thereafter.